[Cite as *Lanterman v. Dept. of Transp.*, 2011-Ohio-3547.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CINDY ANN LANTERMAN

    Plaintiff

    v.

DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-01046-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Cindy Ann Lanterman, filed this action against defendant, Department of Transportation (ODOT), contending her 2008 Pontiac G6 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 80 in Trumbull County. Specifically, plaintiff explained the tire on her automobile was damaged when the vehicle struck "a very large pothole" on Interstate 80 west "from Belmont Ave." Plaintiff recalled her damage incident occurred at approximately 9:15 p.m. on December 12, 2010. In her complaint, plaintiff requested damage recovery in the amount of $186.21, the cost of replacement parts and related repair expense incurred. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant advised the pothole plaintiff's vehicle struck was located "at county milepost 4.21 or state milepost 229.15 for westbound I-80 in Trumbull (County)." Defendant reported ODOT did not receive any prior complaints of a pothole at that location despite the fact the particular "section of highway has an average daily count between 23,860 and 37,210 vehicles(s)." Defendant argued plaintiff failed to

produce any evidence to establish the length of time the pothole existed at milepost 229.15 prior to December 12, 2010. Defendant suggested, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

**{¶ 3}** Defendant contended plaintiff failed to prove her property damage was the result of negligent roadway maintenance on the part of ODOT. Defendant related the ODOT "Trumbull County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to December 12, 2010. Defendant asserted that plaintiff did not prove her property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that one (1) pothole patching (operation was) conducted in" the general vicinity of plaintiff's incident. This pothole was repaired on July 29, 2010. Defendant related, "if ODOT personnel had detected any defects they would have promptly been scheduled for repair."

**{¶ 4}** Plaintiff filed a response pointing out that the pothole her car struck was at a location "soon after getting onto Route 80 and before or near the Girard Exit." Plaintiff further pointed out, "[t]his area is under construction and the number of pothole in this area is COUNTLESS." Plaintiff stated, "I can say with certainty that the pothole that I hit was not in fact NEW as ODOT alleges." Plaintiff did not provide any evidence to establish the length of time the pothole her vehicle struck existed prior to 9:15 p.m. on December 12, 2010. Plaintiff noted, "[t]he number of potholes and obstacles (on Interstate 80) is both dangerous and embarrassing." Plaintiff disputed defendant's claim regarding the frequency of roadway inspections.

**{¶ 5}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced

furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on Interstate 80 prior to the night of December 12, 2010.

{¶ 8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each

specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects one pothole repair was made in the vicinity of plaintiff's incident in July 2010 does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CINDY ANN LANTEMAN

Plaintiff

v.

DEPT. OF TRANSPORTATION

    Defendant

     Case No. 2011-01046-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                                        _____
                                        DANIEL R. BORCHERT
                                        Deputy Clerk


Entry cc:


Cindy Ann Lanteman                      Jerry Wray, Director
541 Woodbury Court                      Department of Transportation
Canfield, Ohio  44406                   1980 West Broad Street
                                        Columbus, Ohio  43223

RDK/laa
3/21
Filed 4/5/11
Sent to S.C. reporter 7/8/11